104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Dennis BROCCOLO, Defendant-Appellant.
 No. 96-1075.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant: Theodore S. Green, Green & Willstatter, White Plains, New York.
 Appearing for Appellee: Mary Jo White, United States Attorney for the Southern District of New York, New York, New York.
 Before MESKILL, WINTER, and CABRANES, Circuit Judges.
 
 
 1
 Dennis Broccolo appeals from Judge Kram's sentencing him to seven months' imprisonment for violation of probation. The sole issue on appeal is whether Broccolo was properly afforded an opportunity to address the court at his sentencing hearing, pursuant to Fed.R.Crim.P. 32(c)(3)(C).
 
 
 2
 Broccolo was on probation for a 1992 mail fraud conviction when he committed another crime, medical insurance fraud, to which he has pled guilty. On January 12, 1996, Broccolo pled guilty before Judge Kram to violation of his probation and was sentenced on the same date. Judge Kram denied Broccolo's post-sentencing motion for a stay of execution of sentence and for release pending appeal, rejecting his argument that he had been denied his right to speak in mitigation of sentence. We agree with Judge Kram.
 
 
 3
 Rule 32(c)(3)(C) requires that the judge "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." It is not enough that the court address the defendant on a particular issue or afford counsel the opportunity to speak. See, e.g., United States v. Walker, 896 F.2d 295, 300-01 (8th Cir.1990).
 
 
 4
 After Judge Kram allocuted Broccolo on the waiver of his right to an evidentiary hearing, she asked:
 
 
 5
 I believe you know your rights. I accept your plea to the guilty counts.
 
 
 6
 As to the sentencing, is there anything further you want to put on the record?
 
 
 7
 It is evident that this question was addressed to Broccolo in light of the references to "your rights" and "your plea," which could be only to Broccolo.
 
 
 8
 Although Broccolo did not respond at that point, he later engaged in a colloquy with the judge about his father's health. This colloquy involved the basis for Broccolo's request for mitigation and indicated that he understood that he had a right to speak to the judge directly.
 
 
 9
 We therefore affirm.